UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-6394 PA (AGRx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | Elmer Brabson, et al. v. Ann Thomas, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Stephen Montes Kerr | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendants Ann Thomas and Elizabeth Graham ("Defendants"), on August 25, 2016.  In their Complaint, plaintiffs Elmer Brabson and Inez Brabson, as trustees of the Brabson Revocable Family Trust Dated July 31, 1997, allege a single state law claim for unlawful detainer.  Defendants, who are appearing pro se, assert that this Court has subject matter jurisdiction on the basis of federal question jurisdiction under 28 U.S.C. § 1331.

Federal courts are of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress.  See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994).  A "strong presumption" against removal jurisdiction exists.  Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).  In seeking removal, the defendant bears the burden of proving that jurisdiction exists.  Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

Under 28 U.S.C. § 1331, this Court has original jurisdiction over civil actions "arising under" federal law.  Removal based on § 1331 is governed by the "well-pleaded complaint" rule.  Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S. Ct. 2425, 2429, 96 L. Ed. 2d 318 (1987).  Under the rule, "federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint."  Id. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  If the complaint does not specify whether a claim is based on federal or state law, it is a claim "arising under" federal law only if it is "clear" that it raises a federal question.  Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996).  Thus, plaintiff is generally the "master of the claim."  Caterpillar, 482 U.S. at 392, 107 S. Ct. at 2429, 96 L. Ed. 2d 318.  "A case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption."  Id. at 393, 107 S. Ct. at 2430, 96 L. Ed. 2d 318 (emphasis in original).  The only exception to this rule is where plaintiff's federal claim has been disguised by "artful pleading," such as where the only claim is a federal one or is a state claim preempted by federal law.  Sullivan v. First Affiliated Sec., Inc., 813 F.2d 1368, 1372 (9th Cir. 1987).

Here, the underlying Complaint contains only a single cause of action for unlawful detainer.  Defendants allege that removal is proper because their Answer "depend[s] on the determination of Defendant's [sic] rights and Plaintiff's [sic] duties under federal law."  Defendants' allegations

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | CV 16-6394 PA (AGRx) | Date | August 30, 2016 |
|---|---|---|---|
| Title | Elmer Brabson, et al. v. Ann Thomas, et al. | | |

concerning Plaintiffs' potential violations of federal law and their reliance on federal law for a defense do not constitute a proper basis for removal, as neither a federal defense nor an actual or anticipated federal counterclaim forms a basis for removal. See, e.g., Vaden v. Discover Bank, 556 U.S. 49, 61-62, 129 S. Ct. 1262, 1272, 173 L. Ed. 2d 206 (2009).

    For the foregoing reasons, Defendants have failed to meet their burden of showing that federal question jurisdiction exists over this action. Because the Court lacks subject matter jurisdiction, this action is hereby remanded to the Los Angeles Superior Court, Santa Monica Courthouse, Case No. 16R03459. See 28 U.S.C. § 1447(c). Defendants' Requests to Proceed In Forma Pauperis (Docket Nos. 3 & 4) are denied as moot.

    IT IS SO ORDERED.